IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 09 C 2201 |
| | ) | |
| v. | ) | |
| | ) | |
| City of Chicago, a municipal corporation, and Chicago Police Officers Kenneth Taylor, Star No. 14205, and Carlie Young, Star No. 6307, | ) ) ) ) ) | JUDGE GUZMAN |
| | ) | |
| Defendants. | | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Now come the plaintiffs and for their objections to defendants' proposed jury instructions they state as follows:

1. On July 13, 2011, during the final pretrial conference, the defendants submitted proposed jury instructions relating to plaintiff's battery claim.

2. Plaintiff objects to defendants' proposed jury instructions 4 and 5. In these instructions the defendants seek to insert an additional element for plaintiffs to prove. Specifically, defendants' proposed instructions would require plaintiff to prove that defendants' acts were willful and wanton. However, the legal concept of willful and wanton conduct has no place in this litigation. Plaintiffs allege that defendants engaged in the intentional tort of battery. Under Illinois law "willful and wanton misconduct is a hybrid between acts considered negligent and those found to be intentionally tortuous." *Krivitskie v. Cramlett,* 301 Ill.App. 3d. 705, 708 (2nd Dist. 1998) (explaining that "willful and wanton misconduct is essentially an aggravated form of negligence…"). Therefore, because plaintiff is alleging intentional acts it would be improper and confusing to introduce a negligence element to the jury instructions.

3.      Defendants may contend that it is necessary to instruct the jury as to willful and wanton conduct because under the Illinois Tort Immunity Act police officers can only be held liable if their conduct is found to be willful and wanton.  However, Illinois courts are clear that if a defendant is found to have engaged in an intentional act this satisfies the willful and wanton requirement.  *See e.g., Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267, 274, 641 N.E.2d 402, 406 ("It is well established that willful and wanton acts may be found where the tortuous conduct was intentional.")  Thus, there is no need to instruct the jury as to the concept of willful and wanton conduct.  Moreover, refusing to instruct the jury on willful and wanton conduct would not cause prejudice to the defendants because the jury will be instructed that plaintiff must prove that defendant acted intentionally.  This is a higher legal hurdle than willful and wanton conduct which can include unintentional acts.

4.      Additionally, plaintiff respectfully submits that instructing the jury only as to intentional acts is far easier for a layperson to understand than also giving them an unnecessary instruction on willful and wanton conduct – a concept that courts have struggled to clearly define.

WHEREFORE, plaintiff respectfully requests that this honorable Court reject defendants' proposed jury instructions 4 and 5.

Respectfully submitted,
By:/s/Garrett Browne

ED FOX & ASSOCIATES
Suite 330
300 W. Adams
Chicago, IL. 60606
(312) 345-8877
gbrowne@efox-law.com

2